UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRONYA TAUBER and JORGE LEPLON individually and as representatives of the L.A.B. Electrical Sales Corp. Profit Sharing Plan & Trust and of the L.A.B. Electrical Sales Corp Pension Plan and Trust, and of the Warde Electric Contracting Inc. Profit Sharing Plan & Trust and of the Warde Electric Contracting Inc. Money Purchase Pension Plan and Trust,

Plaintiffs,

-against-

CLAUDIA APPELBAUM individually and as Trustee (of the L.A.B. Electrical Sales Corp. Profit Sharing Plan & Trust and of the L.A.B. Electrical Sales Corp. Pension Plan and Trust), ERIC APPELBAUM, individually and as Trustee (of the L.A.B. Electrical Sales Corp. Profit Sharing Plan & Trust, of the L.A.B. Electrical Sales Corp. Pension Plan and Trust, of the Warde Electric Contracting Inc. Profit Sharing Plan & Trust and of the Warde Electric Contracting Inc. Money Purchase Pension Plan and Trust), and JOHN DOES # 1-3,

Defendants.
-------------------------------------------------------------X

FILED
U.S. DISTRICT COURT
2004 MAY 25 P 1:27
S.D. OF N.Y. W.P.

Index No.

COMPLAINT

ECF CASE

04 CIV. 3965

ROBINSON

BRONYA TAUBER and JORGE LEPLON, appearing by their attorney William L. Barish, allege as their complaint:

1. This is an action for damages for violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq, and for unpaid wages.

## Jurisdiction and Venue

2. Jurisdiction over the ERISA claim is based upon 29 U.S.C. § 1132 (e). Jurisdiction over the state law claim is based upon this court's supplemental jurisdiction, 28 U.S.C. § 1367(a).

3. Venue is based upon 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(1)&(2).

## The Parties

### Plaintiffs

4. Plaintiffs are former employees of L.A.B. Electrical Sales Corp. ("LAB") and of Warde Electric Contracting Inc. ("Warde").

5. They are participants in and beneficiaries of the L.A.B. Electrical Sales Corp. Profit Sharing Plan & Trust, and in the L.A.B. Electrical Sales Corp. Pension Plan and Trust (collectively "the LAB Plans") whose pension rights have vested and who are entitled to payment of their retirement benefits from the LAB Plans.

6. Plaintiffs are also entitled to benefits under the Warde Electric Contracting Inc. Profit Sharing Plan & Trust and the Warde Electric Contracting Inc. Money Purchase Pension Plan and Trust (collectively "the Warde Plans").

7. Plaintiffs assert their ERISA claims individually and on behalf of the Warde Plans and the LAB Plans.

**The LAB Plans**

8. Upon information and belief, LAB is a New York corporation with a principal place of business in Rockland County.

9. The LAB Plans are pension benefit plans for LAB employees administered in New York.

10. Upon information and belief, LAB is the sponsor of the LAB Plans.

11. Upon information and belief, defendant Eric Appelbaum is the president and sole owner of LAB.

12. Upon information and belief, Eric Appelbaum is the Administrator of the LAB Plans.

13. Upon information and belief, defendant Eric Appelbaum is a Trustee of the LAB Plans.

14. Upon information and belief, defendant Claudia Appelbaum is a Trustee of the LAB Plans.

15. John Does 1-3 are persons unknown to plaintiffs who, upon information and belief, exercised fiduciary powers over the Warde Plans and the LAB Plans.

**The Warde Plans**

16. Upon information and belief, Warde is a New York corporation with a principal place of business in Rockland County.

17. The Warde Plans are pension benefit plans for Warde employees administered in New York.

18. Upon information and belief, Warde is the Sponsor of the Warde Plans.

19. Defendant Eric Appelbaum is the president and sole owner of Warde.

20. Upon information and belief, Eric Appelbaum is the Administrator of the Warde Plans.

21. Defendant Eric Appelbaum is the Trustee of the Warde Plans.

### FIRST CAUSE AGAINST ERIC APPELBAUM: BREACH OF FIDUCIARY DUTY - LAB PLANS

22. The LAB Plans have not issued benefit statements for the period after August 31, 2000.

23. The LAB Plans reported that as of August 31, 2000 plaintiff Tauber's vested balance in the Pension Plan and Trust was $62,881 and that her vested balance in the Profit Sharing Plan and Trust was $48,982.

24. The LAB Plans reported that as of August 31, 2000 plaintiff Leplon's vested balance in the Pension Plan and Trust was $74,309 and that his vested balance in the Profit Sharing Plan and Trust was $75,538.

25. Defendant Eric Appelbaum informed plaintiffs that the LAB Plans had insufficient assets to pay their benefits.

26. The LAB Plans have insufficient assets to pay their obligations to plaintiffs and other beneficiaries.

27. Upon information and belief, Eric Appelbaum and the John Doe defendants breached their fiduciary duty concerning the LAB Plans by:

a. permitting LAB to retain required contributions to the Plans;

b. diverting monies LAB contributed to the Plans;

c. transferring LAB Plans' funds to Appelbaum's financially insecure companies as alleged "loans";

d. failing to file the bond required by 29 U.S.C. § 1112, protecting the Plans from loss by reason of fraud or dishonesty;

e. failing to provide information required by 29 U.S.C. § 1022 and 1024.

28. Plaintiffs as representative of the LAB Plans are entitled to recover judgment against defendant Eric Appelbaum and John Does 1-3 for breach of fiduciary duty in an amount to be determined by the court plus interest and attorney's fees.

### SECOND CAUSE AGAINST CLAUDIA APPELBAUM: BREACH OF FIDUCIARY DUTY - LAB PLANS

29. Plaintiffs repeat the prior allegations of the complaint as if fully set forth here.

30. Upon information and belief, Claudia Appelbaum breached her fiduciary duty concerning the LAB Plans by:

a. permitting LAB to withhold required contributions to the Plans;

b. permitting the diversion of monies LAB contributed to the

Plans;

  c. permitting the transfer of LAB Plans' assets to Eric Appelbaum's financially insecure companies as alleged "loans";

  d. failing to file the bond required by 29 U.S.C. § 1112, protecting the Plans from loss by reason of fraud or dishonesty;

  e. failing to provide information required by 29 U.S.C. § 1022 and 1024.

  31. Plaintiffs as representative of the LAB Plans are entitled to recover judgment against defendant Claudia Appelbaum for breach of fiduciary duty in an amount to be determined by the court plus interest and attorney's fees.

### THIRD CAUSE AGAINST ERIC APPELBAUM: BREACH OF FIDUCIARY DUTY - WARDE PLANS

  32. Plaintiffs repeat the prior allegations of the complaint as if fully set forth here.

  33. Plaintiff Tauber was employed by Warde for approximately ten years until approximately January 223, 2004.

  34. She is entitled to participate in the Warde Plans.

  35. Plaintiff Leplon was employed by Warde for approximately three years before joining a union.

  36. He is entitled to participate in the Warde Plans.

  37. The Warde Plans are insolvent.

38. Upon information and belief, Eric Appelbaum and the John Doe defendants breached their fiduciary duty concerning the Warde Plans by:

    a. permitting Warde to withhold required contributions to the Plans;

    b. diverting monies Warde contributed to the Plans;

    c. transferring Warde Plans' funds to Appelbaum's financially insecure companies as alleged "loans";

    d. failing to file the bond required by 29 U.S.C. § 1112, protecting the Plans from loss by reason of fraud or dishonesty; and

    e. failing to provide information required by 29 U.S.C. § 1022 and 1024.

39. Other beneficiaries of the Warde Plans are also entitled to unpaid retirement benefits.

40. Plaintiffs as representative of the Warde Plans are entitled to recover judgment against defendant Eric Appelbaum for breach of fiduciary duty in an amount to be determined by the court plus interest and attorney's fees.

## FOURTH CAUSE AGAINST ERIC APPELBAUM: UNPAID WAGES

41. Plaintiffs repeat the prior allegations of the complaint as if fully set forth here.

42. Plaintiff Leplon is an electrician employed by Warde until

approximately January 30, 2004.

43. He received a $801.24 check dated February 2nd, 2004 from Ward for wages due from Warde which was returned for insufficient funds, and he paid a $20 returned check penalty.

44. Plaintiff Leplon is entitled to recover $821.24 from defendant Eric Appelbaum.

**WHEREFORE**, plaintiffs demand judgment,

(a) on the first cause of action for breach of fiduciary duty to the LAB Funds: determining the LAB Funds' losses due to Eric Appelbaum and Does' breach of fiduciary duty, awarding plaintiffs as LAB Funds' representatives judgment in the amount due, and authorizing plaintiffs to pay such amounts to the beneficiaries entitled to payment;

(b) on the second cause of action for breach of fiduciary duty to the LAB Funds: determining the LAB Funds' losses due to Claudia Appelbaum's breach of fiduciary duty, awarding plaintiffs as LAB Funds' representatives judgment in the amounts due, and authorizing plaintiffs to pay such amounts to the beneficiaries entitled to payment;

(c) on the third cause of action for breach of fiduciary duty to the Warde Funds: determining the Warde Funds' losses due to Eric Appelbaum's and Does' breach of fiduciary duty, awarding plaintiffs as Warde Funds' representatives judgment in the amount due, and authorizing plaintiffs to pay such amounts to the beneficiaries entitled to payment;

(d) on the fourth cause of action for unpaid wages: awarding plaintiff Leplon judgment for $821.24;

together with interest and the costs and disbursements of this action including reasonable attorneys' fees, and such further relief as may be appropriate.

dated: May 10, 2004

William L. Barish
Attorney for Plaintiffs
30 Glenn Street
White Plains, New York 10603
(914) 285-9471

WB 6105